Frank P. Izzo (FI 3613)
RIVKIN RADLER LLP
2649 South Road, Suite 100
Poughkeepsie, New York 12601
(845) 473-8100
Frank.Izzo@rivkin.com

*Counsel for Plaintiff, Zamora Entertainment, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

ZAMORA ENTERTAINMENT, INC.,

                    Plaintiff,

-against-

EURY MATOS MANAGEMENT & BOOKING LLC, and EMANUEL HERRERA BATISTA A/K/A EL ALFA,

                    Defendants.

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

-------------------------------------------------------------------x

Plaintiff, ZAMORA ENTERTAINMENT, INC., by and through its attorneys, Rivkin Radler LLP, as and for a Verified Complaint against the above-captioned Defendants, states and alleges as follows:

**NATURE OF THE CASE**

1. This matter arises from money advanced to Defendants for, amongst other things, the purchase of a Bugatti, a luxury vehicle, in consideration for a future concert tour performed by the above captioned Defendant, EMANUEL HERRERA BATISTA A/K/A EL ALFA (hereinafter "EL ALFA").

1. Plaintiff is a corporation conducting business as, among other things, a live concert event promoter for widely known musicians and international artists.

1

2.　　EL ALFA, whose real name is Emanuel Herrera Batista, is a widely known musician and rapper in the international music industry, with influence in the Reggaeton, Dembow and Spanish rap genres.

3.　　EURY MATOS MANAGEMENT & BOOKING LLC (hereinafter "EURY MATOS MGMT.") is a limited liability company based in New York City that operates as EL ALFA's agent, and manages all aspects of EL ALFA's booking, tours, and tour dates, event coordinating and other relevant matters (EURY MATOS MGMT and EL ALFA referred collectively as "Defendants").

4.　　In or about August of 2021, Defendants approached Plaintiff seeking to receive no less than $2 million and represented that the primary use for said funds would be the purchase of a Bugatti luxury vehicle (the "Bugatti").

5.　　By this time, Defendants and Plaintiff already maintained a professional and/or business relationship, and as such, Defendants requested $2 million from Plaintiff for the purchase.

6.　　In order to further its relationship with Defendants and in consideration for Defendants' request, Plaintiff sought a future concert tour with EL ALFA, to include a series of live musical concert events featuring the headline performance of EL ALFA, with Plaintiff as the promoter for said events.

7.　　Thus, the parties agreed to enter into an agreement where Plaintiff would pay the $2 million as an advance to Defendants (the "Advance"), for which the Defendants would purchase the Bugatti for EL ALFA's use, control, possession and/or enjoyment, in consideration for a future concert tour agreement with EL ALFA.

8.　　The parties put their agreement in writing in the form of a Letter of Intent, entered into on August 17, 2021 (the "LOI").

9. Notwithstanding the payment terms of the Advance in the LOI, after executing the LOI, Defendants directly sought from Plaintiff the full Advance up front so that they may acquire the additional funds needed to purchase the Bugatti, and provided express assurances that they would enter the future concert tour agreement and abide by the written terms of the LOI.

10. Given its ongoing business relationship with Defendants and their agreement and assurances to enter the future concert tour agreement, Plaintiff paid the full Advance of $2 million to Defendants.

11. Thereafter, the Bugatti was purchased by defendants for EL ALFA's exclusive use, control, possession and/or enjoyment. However, the future concert tour agreement was not entered into between the parties, as agreed in the LOI.

12. Because the future concert tour agreement was not entered or executed among the parties, Defendants were contractually required pursuant to the LOI to return the full Advance, but failed to do so.

13. Defendants used the Advance to purchase the Bugatti and maintained the vehicle despite failing to enter the future concert tour agreement or returning the full Advance.

14. Despite making a $300,000 repayment towards the $2 million Advance on or about August 7, 2023, August 29, 2023, and May 8, 2024, Defendants have failed to repay the remaining balance of the Advance, totaling $1.7 million, despite Plaintiff's numerous and repeated demands for repayment.

15. Plaintiff has commenced the instant action seeking compensation for Defendants' unjust actions and palpable breach of contract.

## THE PARTIES

16. The Plaintiff, ZAMORA ENTERTAINMENT, INC. ("Plaintiff"), is a Michigan corporation duly authorized to do business in and existing under the laws of the State of Michigan with a business address of 23300 Goddard Road, Taylor, MI 48180

17. Upon information and belief, the defendant, EURY MATOS MANAGEMENT & BOOKING LLC, is a New York limited liability company formed, organized and existing under the laws of the State of New York, with its principal place of business at 955 Sheridan Ave 7f, Bronx, NY 10456.

18. Upon information and belief, the defendant, EMANUEL HERRERA BATISTA A/K/A EL ALFA, is an individual residing at 18555 Collins Ave., Apt 5201, Sunny Isles Beach, Florida 33160.

19. EURY MATOS MGMT. is the agent of EL ALFA.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over Defendants pursuant to 28 U.S.C. 1332 as this is a dispute between citizens of this State and citizens of a foreign state. The amount in controversy exceeds $75,000.

21. The United States District Court for the Southern District of New York has personal jurisdiction over Defendants pursuant to CPLR §§ 302(a)(1) because Defendants transact business within the state of New York, and contract to supply services in New York.

22. The United States District Court for the Southern District of New York has personal jurisdiction over Defendants pursuant to CPLR §§ 302(a)(2) because Defendants committed tortious acts within the State of New York.

23. Jurisdiction is also proper in this district pursuant to a contract executed by EURY MATOS MGMT. consenting to the exclusive jurisdiction of this district court.

24. The claims at issue arise out of and relate to Defendants' contacts with the State of New York, and they purposefully availed themselves of the privilege of doing business and New York and therefore Defendants could reasonably foresee being subject to the jurisdiction of the Courts of New York. Accordingly, the exercise of jurisdiction over Defendants comports with the traditional notions of fair play and substantial justice.

25. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), (3) since a substantial part of the events giving rise to the claims occurred in this district.

26. Venue is also proper in this district pursuant to a contract executed by EURY MATOS MGMT. consenting to the venue of this district court.

## **MATERIAL FACTS**

27. On or about August 17, 2021, EURY MATOS MGMT. and EL ALFA advised Plaintiff that EL ALFA wanted to purchase the Bugatti, a luxury vehicle that costs at least Two Million Dollars ($2,000,000.00).

28. EURY MATOS MGMT. and EL ALFA asked Plaintiff to advance money for the Bugatti.

29. Plaintiff agreed to advance Two Million Dollars ($2,000,000.00) sought by EURY MATOS MGMT. and EL ALFA in consideration for a future tour performed by EL ALFA.

30. Thus, on August 17, 2021, EURY MATOS MGMT. entered into a Letter of Intent (the "Agreement"), a true and accurate copy of which is annexed hereto as **Exhibit "A."**

31. The Agreement was signed by Carlos Eury Matos Santos, a principal of EURY MATOS MGMT.

32. The Agreement was entered as part of a future contract for a live musical concert tour to be performed by EL ALFA (the "Future Tour Agreement").

33. Pursuant to the Agreement, Plaintiff paid the Advance of Two Million Dollars ($2,000,000.00 USD) to EURY MATOS MGMT.

34. Pursuant to the Agreement, the Advance was subject to the agreement of terms for the Future Tour Agreement.

35. Pursuant to the Agreement, Defendants expressly consented, in writing, to the exclusive jurisdiction and venue of this Court.

36. Upon information and belief, the Advance was used by EURY MATOS MGMT. and EL ALFA to purchase the Bugatti.

37. While the Advance was made in consideration for the Future Tour Agreement, Plaintiff and Defendants did not execute the Future Tour Agreement.

38. Because the Future Tour Agreement was not entered by Plaintiff and Defendants, Plaintiff has requested the return and repayment of the full Advance.

39. Neither EURY MATOS MGMT. nor EL ALFA repaid the Advance to date.

40. On March 14, 2024, Plaintiff sent Defendants a demand letter, seeking the full amount of the Advance.

41. On April 30, 2024, Plaintiff sent Defendants a second demand letter, seeking the full amount of the Advance.

42. Defendants have acknowledged that the Advance was, and is, owed to Plaintiff.

43. In an effort to repay Plaintiff, Defendants have made a payment towards the Advance.

44. On or about August 7, 2023, August 29, 2023, and May 8, 2024, Defendants repaid a total of Three Hundred Thousand Dollars ($300,000.00) of the Advance to Plaintiff in three separate payments of $100,000.00 each (the "Initial Repayments").

45. Upon making the Initial Repayment, Defendants acknowledged that the payment was not being made in full satisfaction of the total amount owed and would only amount to a portion of the total amount owed to Plaintiff.

46. Given the Initial Repayment, One Million Seven Hundred Thousand Dollars ($1,700,000.00) is still owed to Plaintiff.

47. Despite Plaintiff's demands, Defendants have not made any other payments towards the Advance since the Initial Repayment.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### (Against EURY MATOS MGMT.)

48. Plaintiff repeats and realleges each of the allegations set forth in this Complaint as if fully set forth herein.

49. Plaintiff performed its obligations under the Agreement.

50. Plaintiff paid the Advance pursuant to the Agreement.

51. Pursuant to the Agreement, Plaintiff is entitled to be repaid the full Advance.

52. Despite demand, Defendant, EURY MATOS MGMT., has failed to repay One Million Seven Hundred Thousand Dollars ($1,700,000.00) of the Advance.

53. Defendant, EURY MATOS MGMT., has breached the Agreement.

54. Defendant, EURY MATOS MGMT.'s, failure to repay Plaintiff was through no fault of Plaintiff.

55. As a direct and proximate result of Defendant, EURY MATOS MGMT.'s, breach of the Agreement and failure to repay the full Advance to Plaintiff, Plaintiff has suffered damages in an amount in excess of One Million Seven Hundred Thousand Dollars ($1,700,000.00), plus applicable interest.

56. All conditions precedent have been performed, satisfied or waived.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Against All Defendants)

57. Plaintiff repeats and realleges each of the allegations set forth in this Complaint as if fully set forth herein.

58. Plaintiff entrusted Defendants with the Advance pursuant to the Agreement.

59. When Plaintiff tendered the Advance to Defendants, it did so under the reasonable expectation that Defendants would not wrongfully seek to convert the benefits of Plaintiff's advance in the event that Plaintiff and Defendants did not execute the Future Tour Agreement.

60. Defendants benefited from Plaintiff's payment of the Advance to Defendants pursuant to the Agreement.

61. Moreover, defendant, EL ALFA, benefitted from the purchase, ownership, use and control of the Bugatti, which was purchased, in full or in part, with the Advance provided by Plaintiff.

62. Defendant, EURY MATOS MGMT., benefitted from the receipt of the Advance from Plaintiff without having to enter the Future Tour Agreement or perform obligations set forth in the Agreement.

63. Aside from the Initial Repayments, Defendants unjustly profited at the expense of Plaintiff and failed to repay Plaintiff for the benefits Defendants received from Plaintiff.

64. Defendants' failure of repayment was to Plaintiff's detriment, and Defendants have been unjustly enriched.

65. To Plaintiff's further detriment, Plaintiff has relied on Defendants' assurances and promises to repay the Advance to Plaintiff, which Defendants have failed to do since the Initial Repayment.

66. Equity and good conscience demand that Defendants compensate Plaintiff and return the remaining Advance to Plaintiff, which Defendants have wrongfully maintained.

67. As a direct result of the foregoing, Defendants have been unjustly enriched in an amount in excess of One Million Seven Hundred Thousand Dollars ($1,700,000.00), plus applicable interest.

## JURY DEMAND

68. Plaintiff, ZAMORA ENTERTAINMENT, INC. requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

A. On its First Cause of Action, granting Plaintiff a money judgment in an amount to be determined at trial, but in no event less than $1,700,000.00, plus applicable interest;

B. On its Second Cause of Action, granting Plaintiff a money judgment in an amount to be determined at trial, but in no event less than $1,700,000.00, plus applicable interest;

C. Awarding Plaintiff all disbursements and costs incurred in bringing this action;

D. Granting Plaintiff such other and further relief as the Court deems just and equitable.

Dated: November 12, 2025
      Poughkeepsie, New York

                                        Yours, etc.,

                                        RIVKIN RADLER LLP
                                        *Attorneys for Plaintiff,*
                                        *ZAMORA ENTERTAINMENT, INC.*

By:   *s/ Frank P. Izzo*
                                        Frank P. Izzo, Esq. (FI 3613)
                                        2649 South Road, Suite 100
                                        Poughkeepsie, New York 12601
                                        (845) 473-8100
                                        File No. 898152.00009